UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DEVON DANTE HARRIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | No. 2:19-cv-03314-AG-JDE <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file, including the Complaint against the United States under the Federal Tort Claims Act ("FTCA") ("FTCA Action," Dkt. 1) filed by Plaintiff Devon Dante Harris, Jr., the First Amended Complaint (id., Dkt. 10, "FAC"), the Report and Recommendation ("R&R") of the assigned United States Magistrate Judge (id., Dkt. 12), and Plaintiff's Objections to the R&R (id., Dkt. 13, "Obj."). Further, as some of the claims asserted in the FAC were previously pursued in Harris v. United States Attorney General, et al., case number 2:19-cv-01397-AG-JDE ("Civil Rights Action"), which Plaintiff voluntarily dismissed on October 10, 2019, the Court also has reviewed the records on file in that case, including Plaintiff's civil rights Complaint (Civil Rights Action, Dkt. 1), the Order

dismissing the Complaint with leave to amend (id., Dkt. 15), the First Amended Complaint (id., Dkt. 21), and the Order dismissing the First Amended Complaint with leave to amend (id., Dkt. 22). The Court has engaged in a de novo review of those portions of the R&R to which objections have been made.

As noted in the R&R, Plaintiff initially filed two separate actions relating to predominately the same acts: FTCA Action and Civil Rights Action. After Plaintiff submitted two different "Third Amended Complaints" both with the case number for the Civil Rights Action, the assigned Magistrate Judge issued an Order dated September 13, 2019, explaining that it was not apparent why Plaintiff filed separate actions regarding the same alleged underlying conduct and Plaintiff's intent in submitting two different "Third Amended Complaints" was unclear. FTCA Action, Dkt. 9. The Court provided Plaintiff options regarding how to proceed, depending on whether he intended to pursue his civil rights claims and FTCA claims in a single action or desired to proceed with the Civil Rights Action and the FTCA Action as separate actions. Id. Plaintiff chose neither option; instead, on October 10, 2019, Plaintiff filed a Notice of Voluntary Dismissal in the Civil Rights Action and the FAC in the FTCA Action. Civil Rights Act, Dkt. 25; FTCA Action, Dkt. 10.

Despite the options provided, Plaintiff claims in his Objections that he was "forced" to dismiss the Civil Rights Action. Obj. at 3. He maintains he "purposely kept sep[a]rate two different court cases for the fact that one matter pertains to violation of plaintiffs Civil Rights in which involve both Federal and State actors, making the matter complex and difficult to present to the court for the fact that plaintiff is 'not' trained in the law and doesn't know the prerequisites required of him to present his Federal and State claims jointly, instead of allowing plaintiff to keep his Civil Rights Claims and Tort Claims

sep[a]rately the Court [gave] the plaintiff an ultimatum to join case or dismiss, and a short period of time to decide . . . ." Id. at 2.

Plaintiff's contentions are belied by the record. The Magistrate Judge's September 13, 2019 Order expressly provided Plaintiff the option of proceeding with the Civil Rights Action and FTCA Action as separate actions. If Plaintiff desired to proceed with both actions, he was instructed to file:

    a. a written explanation why he desires to pursue two separate actions, and upon what legal and factual basis he believes he can pursue such separate actions . . ., relating to the alleged underlying conduct, simultaneously[;]
    b. a "Second Amended Complaint" in the Civil Rights Action that complies with the Court's June 21, 2019 Order regarding the [First Amended Complaint] (Civil Rights Action, Dkt. 22);
    c. a "First Amended Complaint" in the FTCA Action OR a written statement that he elects to proceed on the currently filed Complaint (Dkt. 1) in the FTCA Action.

Dkt. 9 at 3. Rather than pursuing this option, Plaintiff voluntarily dismissed his Civil Rights Action and filed a FAC in the FTCA Action.

As the Magistrate Judge noted in his September 13, 2019 Order, the Court is authorized to control its docket and can take steps in the interest of judicial economy to limit efforts by the same plaintiff from filing multiple suits based upon the same alleged underlying conduct by the same defendants when one suit will do. See Adams v. California Dep't of Health Servs., 487 F.3d 684, 692-93 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). It is not apparent to the Court why Plaintiff filed separate actions regarding the same alleged underlying conduct, and to date, Plaintiff has not provided a legal and factual basis as to why he believes he can pursue separate actions relating to the same underlying conduct. Additionally, Plaintiff's primary contention in both the FTCA Action and Civil Rights Action is that he was unlawfully detained after his release date based on an April 17,

2017 court order entered in the Eastern District of California. As Plaintiff has been repeatedly advised, venue does not properly lie in the Central District of California as to these claims. To the extent Plaintiff seeks additional time to reassert these same claims (Obj. at 2-3), such request is denied. Despite several opportunities, Plaintiff has failed to explain how venue is proper as to these claims. The Magistrate Judge's recommendation that these claims be dismissed without prejudice does not prevent Plaintiff from re-filing these claims in the appropriate courts, subject to further screening as warranted, or prevent Plaintiff from pursuing cognizable claims in this Court, despite Plaintiff's claims to the contrary (id. at 3).

Plaintiff's objections are without merit. The Court accepts the findings and recommendation of the Magistrate Judge.

THEREFORE, IT IS HEREBY ORDERED that:

1. The Report and Recommendation (Dkt. 12) is approved and accepted;
2. Plaintiff's Unlawful Detention Claims and Correctional Institution Claims involving conduct at any institution other than the United States Penitentiary – Lompoc ("USP Lompoc") are DISMISSED without prejudice and without leave to amend;
3. Plaintiff's USP Lompoc Claims based on the FTCA and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics ("Bivens"), 403 U.S. 388 (1971) are DISMISSED with leave to amend;
4. Plaintiff's USP Lompoc Claims based on 42 U.S.C. § 1983 are DISMISSED without leave to amend; and
5. If Plaintiff still desires to pursue any of the USP Lompoc Claims dismissed with leave to amend (FTCA and/or Bivens only),

Plaintiff shall file a Second Amended Complaint <u>within thirty days</u> of this Order remedying the deficiencies discussed in the R&R.

If Plaintiff chooses to file a Second Amended Complaint, it should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to any other pleading, attachment, or document. **Plaintiff shall not include new defendants or new allegations that are not related to the USP Lompoc Claims.** Plaintiff is encouraged to use the standard civil rights complaint form when filing any amended complaint, a blank copy of which was included with the R&R.

If, after reviewing this Order, Plaintiff should decide not to further pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal was attached to the R&R for Plaintiff's convenience.

Finally, Plaintiff is cautioned that failure to timely file a compliant Second Amended Complaint will result in this action being dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

Dated: January 24, 2020

ANDREW J. GUILFORD
United States District Judge