UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DEVON DANTE HARRIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | No. 2:19-cv-03314-DSF-JDE <br><br> ORDER OF DISMISSAL |

## I.
## INTRODUCTION

On February 25, 2019, Plaintiff Devon Dante Harris, Jr. ("Plaintiff"), incarcerated at the Lerdo Justice Facility in Bakersfield, California, filed a pro se civil rights Complaint against various government employees or entities regarding alleged civil violations in case number 2:19-cv-01397-AG-JDE ("the Civil Rights Action"). Civil Rights Action, Dkt. 1.

On April 25, 2109, Plaintiff proceeding pro se, filed a complaint against the United States under the Federal Tort Claims Act ("FTCA"), case number 2:19-cv-3314-DSF-JDE ("the FTCA Action"), relating to predominantly the same acts alleged in the Civil Rights Action. FTCA Action, Dkt. 1.

On April 3, 2019, after identifying deficiencies in the Complaint in the Civil Rights Action, the assigned magistrate judge concluded the Complaint failed to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A and afforded Plaintiff leave to file an amended Complaint. Civil Rights Action, Dkt. 15. On April 24, 2019, Plaintiff filed a First Amended Complaint in the Civil Rights Action. On June 21, 2019, the magistrate judge again found the amended complaint failed to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A and again afforded Plaintiff leave to amend. Civil Rights Action, Dkt. 22.

On July 19, 2019, in the Civil Rights Action, Plaintiff submitted for filing a document entitled, "Third Amended Complaint." On August 14, 2019, Plaintiff filed a Notice that he made a clerical error in labelling the "Third Amended Complaint" as such; rather, it "is in fact [Plaintiff's] Second Amended Complaint." Civil Rights Action, Dkt. 23. On the same date he submitted the "Third Amended Complaint" for filing in the Civil Rights Action, Plaintiff also submitted a separate document, also entitled "Third Amended Complaint," under the case number for the Civil Rights Action, but asserting claims under the FTCA, which seemed to indicate that that Plaintiff intended that "Third Amended Complaint" to be filed in the FTCA Action, despite the use of the case number from the Civil Rights Action.

Because Plaintiff's intent in submitting these documents was unclear, on September 13, 2019, the magistrate judge afforded Plaintiff two options regarding how to proceed. FTCA Action, Dkt. 9. Plaintiff chose neither option. Instead, on October 10, 2019, he filed a Notice of Voluntary Dismissal in the Civil Rights Action and a First Amended Complaint in the FTCA Action. Civil Rights Action, Dkt. 25; FTCA Action, Dkt. 10 ("FAC"). In the FAC, Plaintiff appeared to seek to pursue both his FTCA and Civil Rights Actions in a single proceeding, the FTCA Action. The FAC is divided into three sections: (1) FTCA claims; (2) claims under Bivens v. Six Unknown Named Agents of Fed.

2

Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"); and (3) claims under 42 U.S.C. §§ 1983, 1985, and 1986. The FAC names as defendants: the United States of America, the State of California, the State of Nevada, California Department of Justice, United States Penitentiary – Lompoc ("USP Lompoc"), Warden of USP Lompoc, the City of Lompoc, Nevada Southern Detention Center, Warden of the Nevada Southern Detention Center, Kern County Jail, Warden of Kern County Jail, the County of Kern, the Kern County Sheriff's Department, Fresno County Jail, Warden of Fresno County Jail, the City of Fresno, the County of Fresno, the City of Bakersfield, the County of Los Angeles, Corrections Corporations America, Judge Lawrence J. O'Neill, United States Probation Officer Jiar C. Hill, the Eastern District of California, the Federal Bureau of Prisons and its director, the Director of the Department of Corrections, the United States Attorney General, Correctional Officers Mueller and Zuniga, unknown U.S. Marshals, unknown USP Lompoc correctional officers, unknown Kern County sheriff's deputies, and Does 1-50.

  On November 1, 2019, the magistrate judge issued a Report and Recommendation (FTCA Action, Dkt. 12, "R&R") recommending that the FAC be dismissed with leave to amend only as Bivens and FTCA claims allegedly arising at USP Lompoc (the "Lompoc Claims"). On January 24, 2020, the Honorable Andrew J. Guilford, United States District Judge, issued an order accepting the R&R, dismissing the FAC, and providing Plaintiff thirty days' leave to amend, that is, until February 24, 2020, as to the Lompoc Claims only. Dkt 14 ("Prior Dismissal Order"). Judge Guilford advised Plaintiff that a:
> failure to timely file a compliant Second Amended Complaint will result in this action being dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

Id. at 5. On February 5, 2020, the case was reassigned to the calendar of the undersigned. Dkt. 15. On March 9, 2020, Plaintiff belatedly sought and

received a thirty-day extension to file an amended complaint, to March 25, 2020. Dkt. 16, 17.

Plaintiff did not file a Second Amended Complaint by March 25, 2020 as ordered and did not seek a further extension of time in which to do so. As set forth below, the Lompoc Claims, the only claims for which leave to amend was granted in the Prior Dismissal Order, must be dismissed for failure to prosecute and failure to comply with court orders. See Fed. R. Civ. P. 41(b).

## II.
## PLAINTIFF FAILED TO PROSECUTE THE ACTION IN A TIMELY FASHION AND FAILED TO COMPLY WITH COURT ORDERS

A failure to file an amended complaint by a deadline ordered by the Court or request a further extension of time to do so, despite being admonished of the consequences, evidences a lack of prosecution. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); see also Fed. R. Civ. P. 41(b). After a complaint is dismissed with leave to amend, "[i]f a plaintiff does not take advantage of the opportunity to fix his complaint, a district may convert the dismissal of the complaint into a dismissal of the entire action." Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440; see also Yourish v. California Amplifier, 191 F.3d 983, 991-92 (9th Cir. 1999) (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

Here, factors one and two, the public's interest in expeditious resolution of litigation and the court's interest in managing its docket, militate in favor of dismissal for failure to prosecute. The third factor, the risk of prejudice to the defendant, also favors dismissal. In Yourish, the Ninth Circuit, after noting that the risk of prejudice to the defendant is partly measured by the strength of a plaintiff's reason for failure to timely file the amended pleading, found that a "paltry" excuse for a late-filed amended pleading causes the risk of prejudice to the defendant factor to "strongly support[] dismissal." Here, no excuse has been provided and no amended pleading has been filed. Under Yourish, the third factor weights even more heavily in favor of dismissal.

Factor four, the public policy favoring disposition of cases on the merits, counsels against dismissal, but as the dismissal is recommended to be without prejudice, it would not, in and of itself, preclude consideration of the case on the merits at some later date. Lastly, the fifth factor, the availability of less drastic sanctions, also counsels in favor of dismissal where, as here, Plaintiff did not simply file an amended pleading late—he did not file it at all. Without an operative complaint, the action stands in legal limbo, leaving the Court with two alternatives: dismiss the action or leave it pending without an operative pleading. Under the facts here, there is no viable lesser alternative.

Thus, four of the five factors set forth in Carey favor dismissal, three of them strongly so. Dismissal of the action is warranted here.

## III.
## CONCLUSOIN AND ORDER

As a result, the Lompoc Claims, the only claims as to which leave to amend was granted by the First Dismissal Order, are dismissed for failure to prosecute and failure to comply with court orders. See Fed. R. Civ. P. 41(b).

/ / /

/ / /

5

1     THEREFORE, IT IS HEREBY ORDERED that:

2     1.     All claims surviving the First Dismissal Order, that is, the Lompoc Claims, are dismissed without prejudice;

4     2.     Judgment shall be entered in accordance with this Order and the First Dismissal Order.

DATED: April 27, 2020

                                          *Dale S. Fischer*
                                          Honorable Dale S. Fischer
                                          UNITED STATES DISTRICT JUDGE